IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RONALD SANDERS, | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 25 C 12789 |
| | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| CITY OF CHICAGO; BRANDON | ) | |
| JOHNSON, Mayor of Chicago; and | ) | |
| LARRY SNELLING, Superintendent of | ) | |
| the Chicago Police Department, | ) | |
| | ) | |
| *Defendants.* | ) | |

**OPINION & ORDER**

On October 20, 2025, Plaintiff Ronald Sanders filed a Complaint with this Court, (Dkt. 1), and moved to proceed *in forma pauperis* without the full prepayment of fees. (Dkt. 4). For the reasons stated below, the Court grants Sanders's application to proceed *in forma pauperis* [4], and dismisses his Complaint [1] without prejudice.

**DISCUSSION**

**I.    Ability to Pay the Filing Fee**

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the $405 mandated filing fee. *See Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). A plaintiff is eligible to proceed *in forma pauperis* if paying the filing fee would prevent him from purchasing the necessities of life. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

1

Sanders was released from custody at the Illinois Department of Corrections in April 2025. (Dkt. 4 at 1). He is employed part-time at Hooters. (*Id.* at 2). His monthly income is approximately $2,000. (*Id.*). He has received no other income in the last 12 months. (*Id.*). Sanders has no savings, vehicles, or other assets. (*Id.* at 2). He spends $1,350 per month on utilities, food, clothing, and transportation. (*Id.*). He has no dependents. (*Id.* at 2). Sanders has demonstrated that paying the $405 filing fee would prevent him from purchasing the necessities of life. Next, the Court must look beyond Sanders's financial status and review the sufficiency of the claims made in the Complaint.

## II. Review of the Complaint

Title 28 U.S.C. §1915(e)(2) requires the Court to screen Sanders's complaint and to dismiss the complaint if at any time the Court determines the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must "give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007)). At this stage, the Court accepts all well-pleaded facts as true and "draw[s] all reasonable inferences in the [plaintiff's] favor." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 878 (7th Cir. 2022). The Court liberally construes

2

a *pro se* plaintiff's allegations in a complaint. *Ebemeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Finally, federal courts may raise their subject matter jurisdiction at any stage of the proceedings. *See Cont'l Indem. Co. v. BII, Inc.*, 104 F.4th 630, 639 (7th Cir. 2024).

### A. Factual Background

Sanders brings this action against the City of Chicago ("City"), Brandon Johnson, and Larry Snelling (collectively, "Defendants") under 42 U.S.C. § 1983. (Dkt. 1 at 1). He is seeking declaratory and injunctive relief against the Defendants for allegedly violating the Second and Fourteenth Amendments. (*Id.*). Sanders claims that seven provisions of the Chicago Municipal Code (the "Ordinances") unconstitutionally restrict the right to keep and bear arms through prohibitions on firearm possession, transportation, ammunition, and registration. (*Id.*). He challenges the following ordinances: Chi. Mun. Code ("CMC") § 8-20-75 (bans possession of assault weapons); CMC § 8-20-070 (criminalizes possession of certain firearms in vehicles without authorization from the City); CMC § 8-20-020 (requires a State license to possess firearms); CMC § 8-20-010 (defines "assault weapons" and "large capacity magazines"); CMC § 8-20-080 (bans possession of ammunition without a permit)[1]; and CMC § 8-24-020 (criminalizes the sale or possession of "deadly weapons"). (*Id.* at 2-3).

Sanders asserts that he "seeks to exercise his right to keep and bear arms for self-defense and other lawful purposes." (*Id.* at 2). He argues that the Ordinances are unconstitutional under the Supreme Court's Second Amendment jurisprudence. (*Id.* at 1, 3). According to Sanders, the Ordinances fail at both steps of the test for assessing the constitutionality of firearm regulations outlined by the Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597

---

[1] Chi. Mun. Code § 8-20-080 was repealed by Coun. J. 9-11-13, p. 59869, § 7.

3

U.S. 1, 17-19 (2022). (*Id.* at 3). Sanders asks the Court to declare the Ordinances and their enforcement unconstitutional, permanently enjoin the Defendants from enforcing the Ordinances, order Snelling to update enforcement policies and databases for the Chicago Police Department to ensure that "no further arrests, charges, or detentions occur under the invalidated provisions," and award Sanders costs and attorney's fees. (*Id.* at 4).

### B. Standing

Sanders's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2) because he lacks standing to bring his claims in federal court. "To bring a claim in federal court, a plaintiff must have Article III standing." *Freeman v. Ocwen Loan Servicing, LLC*, 113 F.4th 701, 708 (7th Cir. 2024). To have standing, a plaintiff must have "(1) a concrete and particularized injury in fact (2) that is traceable to the defendant's conduct and (3) that can be redressed by judicial relief." *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 937 (7th Cir. 2022) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Without standing, "there is no case or controversy for the federal court to resolve." *Id.* (citing *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). At the pleading stage, the plaintiff "must allege facts that demonstrate each element of Article III standing." *Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 877 (7th Cir. 2020).

For the purpose of standing, an injury must be "actual or imminent, not conjectural or hypothetical." *Access Living of Metro. Chicago v. Uber Techs., Inc.*, 958 F.3d 604, 613 (7th Cir. 2020) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180 (2000)). Sanders does not allege any injury-in-fact sufficient to satisfy the requirements of Article III standing. First, there are no allegations suggesting that he has already suffered an injury connected to any enforcement of the Ordinances. *See United States v. Muick*, 167 F.3d 1162, 1166 (7th Cir. 1999) (defendant lacked standing to challenge the constitutionality of a statute under

4

which he was not prosecuted); *Marszalek v. Kelly*, 2022 WL 225882, at *4 (N.D. Ill. Jan. 26, 2022) (gun range did not have standing to challenge the Illinois Firearm Owners Identification Card Act where it did not allege any facts indicating that it lost revenue or was otherwise injured by enactment of the law).

Further, there are no facts suggesting that Sanders has standing to bring a pre-enforcement challenge against Defendants. A plaintiff challenging the validity of a statute or regulation need not violate it and risk enforcement or prosecution in order to have standing. *See Soc'y of Divine Word v. United States Citizenship & Immigr. Servs.*, 129 F.4th 437, 445 (7th Cir. 2025); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158-59 (2014). A party may have pre-enforcement standing if "threatened enforcement is sufficiently imminent." *Sweeney v. Raoul*, 990 F.3d 555, 559 (7th Cir. 2021) (citing *Driehaus*, 573 U.S. at 159). A plaintiff must allege that he (1) intends to perform conduct that is arguably constitutionally protected; (2) the conduct is prohibited by the rule or statute challenged; and (3) there is a credible threat of enforcement. *Herrera v. Raoul*, 670 F. Supp. 3d 665, 677 (N.D. Ill.), *aff'd sub nom. Bevis v. City of Naperville, Illinois*, 85 F.4th 1175 (7th Cir. 2023) (citing *Driehaus*, 573 U.S. at 159).

Sanders's Complaint is devoid of any meaningful factual allegations: he claims that he "seeks to exercise his right to keep and bear arms for self-defense and other lawful purposes," describes the parties he is suing, and lists the Ordinances he is challenging. (Dkt. 1 at 2-3). These facts do not establish "the threat of immediate danger necessary to establish standing to pursue prospective relief." *Second Amend. Arms v. City of Chicago*, 135 F. Supp. 3d 743, 750 (N.D. Ill. 2015) (plaintiffs did not have standing to challenge firearm ordinance where they did not allege any desire to purchase firearms restricted by the ordinance). Without more, the Court cannot conclude that Sanders has any standing to bring a pre-enforcement challenge to the Ordinances.

5

*See e.g., Gudbrandsen v. Scott*, 2019 WL 4242480, at *2 (N.D. Ill. Sept. 6, 2019) (plaintiff did not have standing to challenge Firearms Restraining Order Act where he failed to allege that he intended to engage in conduct proscribed by the law or any history of the law's enforcement that could demonstrate a realistic danger of future enforcement); *Ezell v. City of Chicago*, 651 F.3d 684, 695-96 (7th Cir.2011) (plaintiffs had standing to challenge firearm ordinance where they alleged that they took steps to comply with the ordinance by completing range-training or kept their firearm outside of the city to avoid violation); *Herrera*, 670 F.Supp.3d at 677 (plaintiff had standing to challenge firearm regulation where he alleged an intent to disobey the law by choosing not to register as the owner of a restricted firearm).

Accordingly, Sanders's Complaint is dismissed without prejudice for lack of standing.

## CONCLUSION

For the reasons stated above, Sanders's application to proceed *in forma pauperis* [4] is granted. His Complaint [1] dismissed without prejudice for lack of standing. If Sanders wishes to proceed, he must file an amended complaint consistent with this Order on or before 4/22/26. If Sanders does not refile by that date, the Court will dismiss the Complaint with prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: March 23, 2026

6